Dear Representative Powell:
This office is in receipt of your request for an opinion of the Attorney General in regard to the South Tangipahoa Port Commission. You indicate a group of citizens are concerned about a millage tax levied by the Port Commission without a vote by the people, and ask that they have a vote on whether or not to continue the tax. You ask what would be the procedure to call such an election for the people to decide on this tax, and whether or not to continue with the Port.
You also ask who appoints the members of the South Tangipahoa Port Commission which you feel has produced very little income over a period of 20 years.
This office previously observed that the South Tangipahoa Port Commission is authorized to impose an ad valorem tax without an election for administrative, operative and maintenance expenses, but not for improvements to port property, citing R.S.34:1959-61. Atty. Gen. Op. No. 87-25. In Atty. Gen. Op. No. 87-25 this office stated:
 It is the opinion of this office that the Legislature has authorized the imposition of this tax without an election and the proceeds of the tax may be used for administrative, operative and maintenance expenses of the port. However, the avails of the tax could not be used for improvements to the port without an election.
Pursuant to R.S. 34:1951 the South Tangipahoa Parish Port Commission is created and provides it "shall be composed of seven members from the parish of Tangipahoa who shall be appointed directly by the governor." This statute was amended by Act 204 of 1993 to increase the pay of the commissioners to $75 per meeting and requiring a meeting each month with no more than six additional meetings a year and no more than three in one month. The amendment did not change the composition of the Commission or its selection. The statutes relative to the taxation remains the same as that at the time of Atty. Gen. Op. No. 87-25 in 1987. R.S. 34:1959 adopted by Act 4 of 1968 provides in part as follows:
 The commission may, when necessary, levy annually an ad valorem tax not to exceed two and one-half mills on the dollar on the property subject to taxation situated in the district. All funds derived under this section shall be used to defray administrative, operative and maintenance expenses of the board.
R.S. 34:1960 authorizes the Commission to incur debt and issue negotiable bonds "payable from taxes to be levied on all taxable property in the district without limitation as to the rate or amount, to acquire lands for the uses of the district and to provide funds for making, construction, repair and maintenance of the public work and improvements outlined in this Chapter when authorized so to do by a majority of the qualified electors of the district voting in an election held for that purpose in accordance with law." The commission upon it own initiative may call a special election and submit to the taxpaying voters of the district the question of incurring such debt and issuing negotiable bonds.
Finding no change in the pertinent statutes, Atty. Gen. Op. No. 87-25 is reaffirmed wherein it concluded the Legislature has authorized the imposition of tax without an election for proceeds to be used for administrative, operative and maintenance expenses of the port but tax for improvements require voter approval. R.S.34:1963 sets forth definitions of administrative, operative and repair expenses of the Commission.
Any changes in the authority of the Port Commission to tax without voter approval or its composition and selection would have to be made through the legislature by statutory amendment.
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
Received: January 12, 1998 Released:
BARBARA B. RUTLEDGE Assistant Attorney General